# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JOSEPH ANTHONY McKINLEY,            )
                                     )
                Plaintiff,       )
                                     )
v.                                   )   Case No. CIV-11-51-D
                                     )
MITZI MADDOX[1], DARLENE ROBINSON,   )
                                     )
                Defendants.      )

## **REPORT AND RECOMMENDATION**

Plaintiff Joseph Anthony McKinley, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is Defendants' Motion to Dismiss [Doc. #22]. Plaintiff has filed a Response to Motion to Dismiss [Doc. #24], and the matter is now at issue.

For the reasons set forth below, it is recommended that Defendants' Motion be denied. It is further recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which § 1983 relief may be granted.

---

[1] Plaintiff identifies this defendant as "Mitzi Mattox" but the record before the Court indicates the proper spelling of the defendant's last name is "Maddox." The style of the case has been corrected to reflect the proper spelling.

## I. Background Facts/Plaintiff's Claims

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and is currently incarcerated at Enid Community Corrections Center (ECCC). He arrived at ECCC on October 13, 2010. According to the allegations of the Complaint, Plaintiff was allowed to go "off-site" on October 18, 2010 "to play piano for banquet of volunteers at the Baptist Collegiate Ministries Hall" and on October 22, 2010, "participate in store run activity." *See* Complaint at electronic pages 6-7.

On October 31, 2010, Plaintiff signed out of the ECCC to attend a church activity and was escorted by an "approved volunteer." Plaintiff alleges, however, that before church services began, a prison officer, Cpl. Franklin, picked up Plaintiff and made him return to ECCC. *See id*. at electronic page 7.

In this action, Plaintiff alleges he was "denied his right to practice his religion and participate in religious activities within the community, restricting him to facility from October 18, 2010 to November 22, 2010." *See* Complaint at 2, Nature of the Case. He alleges the restriction violated his "freedom to practice religion and participate in religious activities" in violation of his federal constitutional rights. He also purports to bring state statutory and constitutional law claims.

Plaintiff names as Defendants, Mitzi Maddox and Darlene Robinson, case managers at ECCC. As relief, Plaintiff seeks punitive damages in the amount of $100,000.

Defendants have not addressed the merits of Plaintiff's claims. Instead, Defendants seek dismissal on grounds Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) governs dismissal of a complaint. *See also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing dismissal of *in forma pauperis* complaints). To survive dismissal, a plaintiff must allege facts sufficient to demonstrate his claim for relief is plausible on its face. *Jordan-Arapahoe, LLP v. Board of County Com'rs of County of Arapaho, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011) (*citing Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir.2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jordan-Arapahoe*, 633 F.3d at 1025 (*quoting Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1940 (2009)). In making this determination, the court accepts, as true, all well-pleaded factual allegations included in the complaint. *Howard v. Waide*, 534 F.3d 1227, 1243 (10th Cir. 2008). This tenet does not, however, apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Finally, because Plaintiff is proceeding *pro se*, the court must liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. Analysis

### A. Exhaustion of Administrative Remedies

Plaintiff's claims are subject to the PLRA's exhaustion requirement set forth in 42 U.S.C. § 1997e(a) which states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. The exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (1997).

The ODOC Offender Grievance Process, OP-090124, governs Plaintiff's exhaustion of administrative remedies.[2] The Grievance Process has three primary phases: (1) an informal phase which requires an inmate to speak to a staff member and, if necessary, submit a written Request to Staff; (2) a formal stage which requires the inmate to submit a written grievance; and (3) an appeal stage which requires the inmate to appeal a grievance denial to the Administrative Review Authority. The appeal stage is the final stage and once completed, constitutes satisfaction of the Grievance Process. *See* Grievance Process, ¶¶ IV, V and VII.

Plaintiff has attached to the Complaint a series of five Requests to Staff he submitted to prison officials at ECCC during a period of approximately one week from November 15,

---

[2]Defendants have attached the ODOC's Grievance Process to their Motion. *See id*., Exhibit 1.

4

2010 through November 22, 2010. The Requests to Staff include an inquiry as to why Plaintiff was restricted from participating in off-site religious activities and services. Also attached to the Complaint is a Memorandum dated October 25, 2010, from Defendant Maddox to Deputy Director Reginald Hines which states the following:

> Offender Joseph McKinley, Doc #596930 was received at Enid Community Corrections Center on 10-13-2010. He is currently serving a 4 year sentence for Trafficking in Illegal Drugs. He has 699 days remaining as of September 30, 2010.
>
> ECCC is requesting that Mr. McKinley be allowed to attend church services, go on shopping trips, and be placed on a PPWP crew. Your attention to this matter is appreciated.

*See* Complaint, Attachment F. A handwritten notation from Deputy Director Hines is included on the Memorandum and states: "approved Reginald Hines 11-22-10."

Defendants seek dismissal on exhaustion grounds because Plaintiff did not pursue exhaustion of administrative remedies beyond the informal Request to Staff stage and, therefore, did not properly exhaust administrative remedies. *See, e.g., Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies.").

In his Response, Plaintiff contends the relief he requested was granted, and therefore, he was not required to complete the grievance process:

> Plaintiff did in fact exhaust administrative remedies. Plaintiff was satisfied with the final response which was adequate and received from Deputy Director Hines by signed memorandum and NWDCC supervisor Carr

5

> by Request to Staff. (See Docket #1, Attachment D and F). As a result, all restrictions were removed whereby resolving and closing issue matter addressed through the offender grievance process.

*See* Response at 6-7. Plaintiff's contention has support under Tenth Circuit precedent. In *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir.2004), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Tenth Circuit held that a prisoner had exhausted his remedies for purposes of the PLRA – despite the fact that he had not appealed beyond the first level – when he was granted complete relief at the first level. In *Ross*, the prisoner, who had slipped and fallen in the shower, filed a grievance requesting that the shower be made safe. *Id*. at 1185. The prison granted his request at the informal level and placed a mat in his shower. The prisoner later sued over his injuries, complaining that the shower was dangerous because there was no mat on the floor when he slipped and fell. *Id*. The prison moved to dismiss the case on the ground that the prisoner had not exhausted his administrative remedies because he had not appealed the decision by prison staff at the informal level, granting his request for a shower mat. *Id*. The district court granted the prison's motion and the prisoner appealed. On appeal, the Tenth Circuit held that the prisoner was not required to appeal beyond the informal level because the prison granted him all the relief he requested at the initial level. *Id*.

Under *Ross,* it appears Plaintiff has exhausted administrative remedies.[3] But dismissal of the Complaint nonetheless is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As discussed below, Plaintiff has failed to allege a violation of his constitutional rights. Moreover, Plaintiff has failed to allege facts demonstrating the requisite personal participation by the named Defendants.

**B.**     **Failure to State a Claim Upon Which § 1983 Relief May be Granted**

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). "What constitutes a 'reasonable opportunity' is determined in reference to legitimate penological objectives." *Id*.

Plaintiff's claims in this lawsuit are premised on the allegation that he was denied the "privilege" of attending church at an "off-site" location for a period of less than one month – from October 31, 2010, through November 22, 2010.[4] Plaintiff's Complaint is void of allegations that he was prohibited in any way from exercising his religious rights *at ECCC*.

---

[3]To the extent Plaintiff seeks relief arising specifically out of the October 31, 2010, incident, he has not exhausted administrative remedies. None of the Requests to Staff submitted by Plaintiff address this incident. And, the response by Reginald Hines on November 22, 2010, approving Plaintiff to attend off-site services did not, in any way, resolve Plaintiff's complaint about the October 31, 2010 incident.

[4]In his Response to the Motion to Dismiss, Plaintiff attaches the field memorandum for the Systems of Incarceration, Northwest District Community Corrections Steps Program. That memorandum identifies "Sunday only worship services in the community" as an "observation step privilege." *See* Plaintiff's Response, Exhibit 5.

In addition, "[i]n order to state a claim that defendants violated his right to free exercise of religion, [Plaintiff] must adequately allege that the defendants 'substantially burdened his sincerely-held religious beliefs.'" *Gallagher*, 587 F.3d at 1069 (*quoting Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). In the Complaint, Plaintiff does not even identify what religion he practices or how his restriction from an "off-site" community worship service has burdened his ability to practice his religion.

Furthermore, the Complaint and attachments thereto fail to allege facts demonstrating the Defendants prohibited Plaintiff from the exercise of his religion. As noted Plaintiff arrived at ECCC on October 13, 2010. Almost immediately thereafter, on October 25, 2010, Defendant Maddox submitted the memorandum on Plaintiff's behalf *requesting Plaintiff be allowed to attend church services. See* Complaint, Exhibit F. That request was submitted prior to the incident on October 31, 2010, about which Plaintiff complains. And Plaintiff received permission to attend off-site church services shortly thereafter on November 22, 2010.

In *Gallagher*, the Tenth Circuit addressed a prisoner's claims that on two separate occasions, his religious accommodation requests for food were not addressed in a timely manner. In both instances a period of one to two months passed between the time Plaintiff submitted the request and the time it was approved. And in both instances, by the time the request was approved, the religious occasion for which the food request had been made had already passed. The Tenth Circuit held the claims were properly dismissed for failure to

8

state a claim for relief. In support, the Court reasoned: "[t]aking [the plaintiff's] allegations as true, defendants' actions were, at most, isolated acts of negligence, not pervasive violations of [the plaintiff's] right to free exercise of religion." *Id*. at 1070.

As in *Gallagher*, here Plaintiff's allegations, taken as true, show at best isolated acts of negligence. There are no factual allegations that Defendants engaged in conduct amounting to pervasive violations of his right to the free exercise of religion. Plaintiff's claims, therefore fail to state a plausible claim for § 1983 relief.

Finally, Plaintiff has failed to allege facts demonstrating that the named Defendants personally participated in the alleged deprivation of his constitutional rights. *See, e.g., Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.") (*citing Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"); *Coleman v. Turpen*, 697 F.2d 1341, 1346 n. 7 (10th Cir.1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation)). The Complaint and its attachments demonstrate, at most, that the case managers responded to his Requests to Staff. But such conduct, without more, is insufficient to demonstrate personal participation. *See Gallagher*, 587 F.3d at 1069 ("[A] denial of a grievance, by itself without connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see also Arocho v.*

9

*Nafziger*, 367 Fed. Appx. 942, 955 (10th Cir. March 1, 2010) (unpublished op.) ("This court has repeatedly held, albeit in unpublished decisions, that the denial of grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotations and alterations omitted). For all these reasons, Plaintiff's claims against Defendants should be dismissed for failure to state a plausible claim for § 1983 relief.[5]

## IV. Additional Pending Motions

Also pending before the Court are the following additional Motions:

(1) Plaintiff's' Motion for Declaratory Judgment [Doc. #4]; and

(2) Plaintiff's Motion for Injunction Order [Doc. #14].

Based upon the recommendation for dismissal of Plaintiff's action for failure to state a claim upon which § 1983 relief may be granted, these pending motions should be denied.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. #22] be denied. It is further recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which § 1983 relief may be granted. The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his appeals. *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172,

---

[5]To the extent Plaintiff also brings state law claims in the Complaint, the Court should decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction"); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

1176-1177 (10th Cir. 2011).[6] Finally, it is recommended that Plaintiff's Motion for Declaratory Judgment [Doc. #4] and Motion for Injunction Order [Doc. #14] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by August __29th__, 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this __8th__ day of August, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

---

[6]The dismissal should not count as a strike against Plaintiff "until he has exhausted or waived his appeals." *Hafed*, 635 F.3d at 1176. Specifically, a strike should count against Plaintiff "from the date when his time to file a direct appeal expire[s]." *Id*. Or, if Plaintiff timely files a direct appeal, the strike should count against him "from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if [Plaintiff] file[s] one, or from the date when the time to file a petition for writ of certiorari expire[s], if he d[oes] not." *Id*.