IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ANTHONY McKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-51-D |
| ) | |
| MITZI MADDOX and DARLENE ) | |
| ROBINSON, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Couch recommends the denial of Defendants' Motion to Dismiss, which alleges a lack of administrative exhaustion, but the dismissal of Plaintiff's § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages under 42 U.S.C. § 1983 from two employees of the Oklahoma Department of Corrections for the alleged violation of his First Amendment right to free exercise of religion while confined at the Enid Community Corrections Center (ECCC). Plaintiff complains that he was not allowed to participate in off-site religious services from October 18, 2010, to November 22, 2010. Defendants have moved for dismissal pursuant to 42 U.S.C. § 1997e(a), on the ground that Plaintiff failed to exhaust his administrative remedies; he submitted multiple requests to staff but did not complete the grievance

process. Judge Couch finds that, to the extent Plaintiff complains of a blanket restriction from participating in off-site religious activities, as opposed to a particular incident where participation was denied, Plaintiff exhausted his remedies because a request for such participation was approved by Deputy Director Reginald Hines on November 22, 2011. However, Judge Couch finds that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's factual allegations are insufficient to state a plausible claim for § 1983 relief against the named defendants, whose personal participation is unclear, because no constitutional violation is shown.[1] Accordingly, Judge Couch also finds that Plaintiff's motions for declaratory and injunctive relief should be denied.[2]

Plaintiff's objection provides additional factual allegations to support his § 1983 claim. Specifically, he identifies his religion and the religious beliefs at issue, his theory of personal liability of the named defendants, and the nature of the challenged violation, namely, he was denied access to church services during the month he was restricted from off-site services because no services are provided at ECCC. Plaintiff alleges that Defendants barred him, and other offenders charged with drug trafficking, from attending off-site religious services until Deputy Director Hines approved his participation. Plaintiff complains that this restriction caused him to miss church for one month, even though he was permitted to go on shopping trips during this period.[3]

---

[1] Judge Couch also recommends that, to the extent Plaintiff asserts state law claims, supplemental jurisdiction should be declined pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff does not object to this recommendation, and thus, further review is deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[2] Plaintiff also does not object to this recommendation, resulting in a waiver of further review.

[3] Plaintiff also adds new allegations that he has been subjected to retaliatory actions and discipline since he filed suit. However, the Court declines to entertain new, supplemental claims.

The Court, in its discretion, may consider additional factual allegations offered in Plaintiff's response "if they [are] consistent with the facts and theories advanced in the complaint," regardless whether Plaintiff has requested leave to amend or offered an amended pleading.[4]  *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001).  Notwithstanding Plaintiff's additional allegations, however, the Court finds that a one-month delay in obtaining approval of Plaintiff's request to attend religious services does not amount to a First Amendment violation.  Here, as in *Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009), an inmate claims that prison officials failed to accommodate his requests to pursue sincerely-held religious beliefs by requiring him to obtain approval to participate in religious practices.  In this case, Plaintiff suffered a one-month loss of church attendance; in *Gallagher*, a Jewish inmate missed religious observances for holidays that had passed by the time his requests were approved.  Nevertheless, the court of appeals concluded that the plaintiff had not shown a substantial burden on his religious beliefs because the incidents of delay were isolated acts of negligence rather than pervasive violations of his right to the free exercise of religion.

In his objection, Plaintiff attempts to distinguish his case by arguing that the denials of his requests were not isolated acts of negligence but deliberate decisions by Defendants to restrict Plaintiff from church services while he awaited Deputy Director Hines' approval.  Based on these new arguments, Plaintiff "questions the significance and validity of the restriction" allegedly imposed by Defendants, which prevented him from attending church but allowed him to go on shopping trips.  *See* Objection [Doc. No. 29] at 6.

---

[4]  Because Defendants' Motion was made under Fed. R. Civ. P. 12(b)(6), Plaintiff's opportunity to amend as a matter of right expired 21 days after the Motion was served.  *See* Fed. R. Civ. P. 15(a)(1)(B).

Despite Plaintiff's effort to recast his claim, the fact remains that Plaintiff experienced a temporary delay in attending church services while his administrative request was processed. Although Plaintiff characterizes Defendants' alleged actions as restricting a constitutional right, the record is clear that Plaintiff's alleged "right" to attend off-site church services is based on a step program under which inmates earn privileges by adhering to guidelines for required behavior.[5] Any contention that these rules are invalid as not "'reasonably related to legitimate penological interests'" is untenable. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). The Court concludes that Plaintiff has failed to allege facts demonstrating a substantial burden on the exercise of his sincerely-held religious beliefs.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 25]. Defendants' Motion to Dismiss [Doc. No. 22] is DENIED. However, Plaintiff's Complaint fails to state a claim upon which § 1983 relief can be granted and is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Plaintiff's Motion for Declaratory Judgment [Doc. No. 4] and Plaintiff's Motion for Injunction Order [Doc. No. 14] are DENIED as moot.

IT IS SO ORDERED this 28th day of September, 2011.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] The policy establishing the step program rules – which was submitted by Plaintiff in response to Defendants' Motion to Dismiss – may properly be considered in assessing the sufficiency of Plaintiff's pleading because the policy is referred to in the Complaint and is central to Plaintiff's claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).