IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ANTHONY MCKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-51-D |
| ) | |
| MITZI MADDOX and DARLENE ) | |
| ROBINSON, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell on March 4, 2014, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends that Defendants' Motion for Sanctions be granted and that the action be dismissed due to Plaintiff's refusal to appear for his deposition. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, who appears *pro se* and *in forma pauperis*, seeks damages under 42 U.S.C. § 1983 from two employees of the Oklahoma Department of Corrections for alleged violations of his First and Fourteenth Amendment rights while he was a state prisoner confined at the Enid Community Corrections Center. Following an initial dismissal of the Complaint and a successful appeal (*see McKinley v. Maddox*, 493 F. App'x 928 (10th Cir. 2012)), the parties were directed by the previously assigned magistrate judge to proceed with discovery and, if appropriate, to file dispositive motions. During the appeal, Plaintiff had been released from state custody and had

relocated to Gulfport, Mississippi. Consequently, during discovery, Plaintiff resisted Defendants' notices to appear for his deposition in Oklahoma City on grounds of undue burden and expense "due to distance of travel." *See* Pl.'s Motion to Quash/Modify Subpoena [Doc. No. 48], ¶ 5; *see also* Pl's Motion to Quash/Modify Subpoena [Doc. No. 56], ¶ 7. Unable to obtain Plaintiff's testimony regarding his allegations, Defendants filed a motion for sanctions, as well as other motions directed at his claims and filings in the case.[1] In a thorough 25-page Report, Judge Mitchell analyzes the pertinent issues, relevant facts, and legal authorities, and finds that the requested dismissal is warranted.

In his Objection, Plaintiff first questions Judge Mitchell's impartiality because she allegedly accepts Defendant's factual statements as true and rejects his version of events. In fact, however, Judge Mitchell accepts Plaintiff's view of his first failure to appear for a noticed deposition in December, 2012, expressly finding that he was not at fault because Defendants "fail[ed] to provide him with reasonable notice." *See* Report [Doc. No. 76] at 18. Further, to the extent Judge Mitchell accepts Defendants' statements of fact, it is because they are supported by the case record and previously undisputed by Plaintiff. *See*, *e.g.*, *id*. at 14 n.3. The only statements by Plaintiff that Judge Mitchell discounts as general and vague are those presented in a verified response brief stating that Plaintiff had "contacted and conferred with Defendants' attorney in regards to matters concerning this case . . . [and] concerning the Motion to Quash and/or Modify Subpoena." *See id.* at 20; Pl's Objection at 3. The Court concurs in Judge Mitchell's assessment of these statements. Plaintiff does not identify any individual with whom he spoke, when he or how he communicated

---

[1] Judge Mitchell recommends these subsequent filings be deemed moot if the action is dismissed.

with the person, or what they discussed.[2] In his present Objection, Plaintiff does not enlighten the Court about any communications regarding his deposition that occurred, nor does he provide any factual support for a contention that he reasonably cooperated with Defendants' efforts to obtain his deposition testimony.[3]

Upon examination of Plaintiff's Objection, the Court finds that he does not dispute Judge Mitchell's findings of fact regarding his refusal to appear for a properly noticed deposition in Oklahoma City in February, 2013. Plaintiff instead adheres to erroneous legal views on which he relies to justify his refusal to appear. As a party to the litigation, Plaintiff could not obtain relief from Defendants' deposition notice pursuant to the protections of Fed. R. Civ. P. 45, and his appearance was not excused by the fact that he had been granted *in forma pauperis* status or that he had already answered interrogatories. *See* Pl.'s Objection at 2-3. Plaintiff was expressly advised by the magistrate judge who declined to rule on his motion to quash (due to noncompliance with LCvR37.1) that Defendants' deposition notice was governed by Fed. R. Civ. P. 30(a)(1) and that a party's failure to attend his own deposition may result in sanctions under Fed. R. Civ. P. 37(d). *See* Order of Feb. 5, 2013 [Doc. No. 58] at 1 & n.1. Plaintiff's offer (in court filings) to be deposed by alternative means, such as telephone or videoconference, also did not satisfy his duty to comply with a deposition notice. In short, the record is clear that Plaintiff willfully and unjustifiably refused to appear for his February, 2013 deposition and that he forced Defendants to proceed with their defense of his claims without the benefit of his sworn testimony.

---

[2] At the time, Defendants had three attorneys of record, one of whom expressly represented to the Court that he had attempted to contact Plaintiff regarding his deposition without success.

[3] To the extent Plaintiff clarifies his prior statement, he simply argues that he "has conferred with defense counsel to settle this matter informally to avoid prolonging this case . . . ." *See* Pl.'s Objection at 4.

Finally, although Plaintiff does not expressly challenge Judge Mitchell's analysis of the *Ehrenhaus*[4] factors, his Objection does arguably dispute her conclusion that a dismissal with prejudice is warranted by the circumstances. He relies heavily on the Tenth Circuit's findings regarding the sufficiency of his pleadings to argue that his pursuit of a potentially meritorious claim should not be foreclosed. Upon *de novo* consideration of the issue of an appropriate sanction, the Court finds that a lesser sanction for Plaintiff's discovery misconduct may be equally effective in obtaining his future compliance, namely, a dismissal without prejudice to refiling.

The Court's conclusion is based on the following considerations. The only prejudice to Defendants and the only interference with the judicial process identified by Judge Mitchell is that Defendants were forced to file a dispositive motion without the benefit of Plaintiff's testimony. This prejudice and interference could have been avoided, however, by a request to extend the discovery cur-off and dispositive motion deadline pending a ruling on the Motion for Sanctions. Further, the only notice Plaintiff received of a possible dismissal came through Defendants' Motion for Sanctions. *See* Report at 24 (quoting Defendants' Motion, which relied for notice on a prior order that merely referenced, in a footnote, Rule 37(d)(1)(A)(i)). Plaintiff was not effectively notified by any court order issued prior to the deposition that his failure to appear could result in the dismissal of his case. *See Ehrenhaus*, 965 F.2d at 921 (listing fourth factor as "whether *the court* warned the party in advance that dismissal of the action would be a likely sanction for noncompliance") (emphasis added).

In the Court's view, the case on which Judge Mitchell relies in support of dismissal, *Smith v. McKune*, 345 F. App'x 317 (10th Cir. 2009), is distinguishable. In that case, the plaintiff twice

---

[4] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (enumerating factors to be considered "[b]efore choosing dismissal as a just sanction").

willfully failed to appear for his deposition, and on the second occasion, he was under express instruction from the district court of the consequences. *See id*. at 319 (quoting an order stating: "If plaintiff fails to appear for and fully participate in his deposition on the date and time noticed, this case will be dismissed, with prejudice."). Further, the dismissal was not based solely on two instances of misconduct, but on a pattern of litigation behavior establishing that the plaintiff had "continually obstructed and manipulated [the judicial process] and there is no reason to believe that his conduct will cease." *Id*. at 320.

While this case involves less severe misconduct and prejudice than *Smith*, the Court agrees with Judge Mitchell that here, as in *Smith*, lesser sanctions to dismissal "are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*, and the sanctions set out in Fed. R. Civ. P. 37 will not substitute for plaintiff's failure to appear . . . for his deposition." *Smith*, 345 F. App'x at 320. Accordingly, the Court concurs in Judge Mitchell's conclusion that no other sanction identified in Rule 37(b)(2)(A) would be effective. A dismissal seems the only means of impressing on Plaintiff the necessity to comply with the discovery rules applicable to all litigants. A dismissal without prejudice, however, is a lesser sanction that may be an effective solution. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (district court should have considered dismissal without prejudice of *pro se* litigant's complaint as alternative to dismissal with prejudice). A dismissal without prejudice to refiling will enable Plaintiff to make an informed decision whether he wishes to devote to the litigation the full amount of time and resources required to prosecute his claims. Plaintiff is now fully apprised of the fact that if he elects to refile and to proceed in federal court, he will be expected to participate in discovery in accordance with the applicable procedural rules, and to bear

5

the necessary burdens of litigating his case notwithstanding any order granting *in forma pauperis* status.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 76] as set forth herein. Defendants' Motion for Sanctions [Doc. No. 59] is GRANTED in part and DENIED in part. The Court orders a dismissal of this action without prejudice to refiling as a proper sanction for Plaintiff's willful refusal to appear for his deposition. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Doc. No. 66], Plaintiff's Request for Production of Documents (incorrectly docketed as a motion) [Doc. No. 68], Plaintiff's Motion for Summary Judgment [Doc. No. 72], and Defendants' Motion to Strike [Doc. No. 73] are deemed moot.

IT IS SO ORDERED this 27th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE